ANNA HOLLAND EDWARDS
Colorado Bar No. 35811
Holland, Holland Edwards, & Grossman, LLC
1437 N. High Street
Denver, CO 80218
Phone: (303) 860-1331
Fax: (303) 832-6506
anna@hheglaw.com
*Attorney for Plaintiff, pro hac vice*

AARON D. FORD
 Attorney General
DOUGLAS R. RANDS, Bar No. 3572
 Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov
*Attorneys for Defendants Kathy Henderson and Martin Naughton*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLAI MORK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PERRY RUSSELL, et al.,<br><br>　　　　Defendants. | Case No.  3:21-cv-00077-MMD-CSD<br><br>**(PROPOSED)**<br>**JOINT PRETRIAL ORDER** |

Following pretrial proceedings in this case,

IT IS ORDERED:

**I.	NATURE OF ACTION AND CONTENTIONS OF THE PARTIES**

**A.	NATURE OF ACTION**

This jury trial involves two § 1983 claims brought by Plaintiff Nicolai Mork ("Mork"), a formerly incarcerated inmate, against Defendants Nurse Kathy Henderson and Dr. Martin Naughton, former employees of the Nevada Department of Corrections ("NDOC"), alleging deliberate indifference to his serious medical needs, constituting cruel and unusual punishment under the Eighth Amendment.

1

Defendants filed their Motion for Summary Judgment on August 23, 2023. (ECF No. 63). On February 12, 2024, the Court denied the Motion for Summary Judgment. (ECF No. 77).

Therefore, this matter is proceeding to trial.

**B.    CONTENTIONS OF THE PARTIES**

**Plaintiff Mork's First Claim: <u>Deliberate Indifference to Dental Pain (against Defendant Henderson)</u>**

Plaintiff was a prisoner at Stewart Conservation Camp ("SCC"), a low security NDOC facility, in 2020 and 2021. Plaintiff alleges that while incarcerated at SCC he repeatedly informed Nurse Henderson that he had a painful, worsening, rotten tooth, and that although Nurse Henderson knew Plaintiff was in significant, unaddressed pain and distress from March 21, 2020 to March 11, 2021 she refused to take steps to cause him to be timely seen by a dentist or otherwise meaningfully address his pain. He was not seen by a dentist until March 11, 2021, just prior to his release. Plaintiff further alleges that Defendant Henderson refused to provide him grievance forms and threatened to withhold care if he continued asking for help.

**Plaintiff Mork's Second Claim: <u>Deliberate Indifference to Extreme Discomfort from Pervasive Skin Rash and Related Right to Treatment (against Defendants Henderson and Naughton)</u>**

Plaintiff alleges that he first informed Dr. Naughton of a skin rash in September 2019, and although Dr. Naughton was aware Mr. Mork needed to see a dermatologist, he denied Plaintiff access to a specialist while persisting in diagnoses he knew were not correct and treatments he knew wouldn't help Plaintiff. Plaintiff further alleges that both Nurse Henderson and Dr. Naughton mocked Plaintiff's suffering and threatened to withhold medical care because he was becoming a "troublemaker" by continuing to seek medical attention. Plaintiff further alleges that Dr. Naughton threatened to get Mr. Mork transferred to a high security prison if he continued seeking treatment for his rash.

Plaintiff would like to discuss striking Defendants' asserted Affirmative Defenses at the pre-trial conference as they don't appear be viable defenses. A few of them were raised and already ruled on by

2

the Court. Others are inapplicable in civil rights cases or too vague to understand. Plaintiff lists and briefly responds to each below:

FIRST AFFIRMATIVE DEFENSE: *"The Complaint fails to state a claim upon which relief can be granted."* Defendant raised and lost this argument in the course of the case.

SECOND AFFIRMATIVE DEFENSE: *"Defendants are not personally involved in the cause in fact and/or the proximate cause of the alleged claims."* Defendants were personally involved in the case and this boilerplate affirmative defense is at odds with the Court's Orders and the defendants' testimony.

THIRD AFFIRMATIVE DEFENSE: *"This action is time-barred by applicable statutes of limitations."* The lawsuit was timely brought.

FOURTH AFFIRMATIVE DEFENSE: *"Defendants acted in good faith toward Plaintiff. Therefore, Defendants are entitled to qualified good faith immunity from damages."* Good faith immunity is not a defense recognized under 42 U.S.C. §1983 caselaw.

FIFTH AFFIRMATIVE DEFENSE: *"Defendants are entitled to qualified and absolute immunity."* Defendants are not entitled to absolute immunity and lost their Summary Judgment challenge to these claims which included an assertion of qualified immunity.

SIXTH AFFIRMATIVE DEFENSE: *"Defendants acted in accord with applicable law and legally mandated prison procedures."* This constitutes an argument rather than a legal defense.

SEVENTH AFFIRMATIVE DEFENSE: *"Plaintiff fails to state a claim under 42 U.S.C. § 1983 and the Nevada Constitution, Article 6, subsection 6, and NRS 41.031."* Defendants lost their Summary Judgment challenge to Plaintiff's § 1983 claims and Mr. Mork did not bring a claim under the Nevada Constitution.

EIGHTH AFFIRMATIVE DEFENSE: *"Plaintiff fails to mitigate damages, if any, and is thus barred from seeking monetary damages."* Under §1983 failure to mitigate is an argument not a defense to all damages.

*NINTH AFFIRMATIVE DEFENSE: "Plaintiff was himself negligent in his conduct; such negligence is the sole, primary, and superseding cause of any damages sustained by him, if any."* While some state claims may have such defenses, there is no contributory negligence bar to a §1983 civil rights claim.

*TENTH AFFIRMATIVE DEFENSE: "Plaintiff's punitive damage claims are barred by law."* §1983 allows for punitive damages against individuals.

*ELEVENTH AFFIRMATIVE DEFENSE: "Defendants are immune from liability because the acts complained of were discretionary in nature or were performed under relevant statutory or regulatory authority."* This asserted defense is vague and without factual support developed during litigation in any way to support this purported defense.

*TWELFTH AFFIRMATIVE DEFENSE "Defendants held a good faith belief that she was acting reasonably and that her actions were privileged and legally justified."* This asserted defense is vague and without factual support developed during litigation in any way to support this purported defense.

*THIRTEENTH AFFIRMATIVE DEFENSE: "Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act."* Defendant lost this argument on Summary Judgment.

*FOURTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's conduct constitutes a waiver of any alleged wrongful conduct undertaken by Defendants."* There is no such waiver or contributory negligence type defense under § 1983.

*FIFTEENTH AFFIRMATIVE DEFENSE: "Plaintiff's conduct ratified any alleged wrongful conduct by the Defendants."* This asserted defense is vague.

*SIXTEENTH AFFIRMATIVE DEFENSE: "Defendants are immune from liability as a matter of law."* Defendants lost their qualified immunity challenge in this case at Summary Judgment.

2. **Defendant's Contentions**

Defendant contends that the evidence does not support Mork's allegations. Defendant incorporates any Affirmative Defenses from the Answer as it pertains to the Defendant. Defendant denies that Mork's constitutional rights have been violated.

      **C.    RELIEF SOUGHT**

Mork seeks compensatory, and punitive damages.

**II.    STATEMENT OF JURISDICTION**

This is a civil action commenced under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**III.    UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF**

1. On March 21, 2020 Plaintiff submitted a kite complaining that he had a painful rotten tooth which was turning black.

2. Between March 2020 and February 2021, Mork sent several medical Inmate Request Forms ("kites") to Henderson requesting care or stronger pain relievers to no avail.

3. Henderson reviewed and responded to Mork's medical kites relating to his tooth pain.

4. Henderson reviewed Mork's dental kites describing his tooth pain and Dental's responses to the same kites.

5. Mork first informed Naughton of his rash in September 2019.

6. Mork submitted multiple kites regarding his rash between November 2019 and May 2020.

7. The rash had spread by the time Naughton saw Mork one month later.

8. Naughton first diagnosed the rash as dermatitis from the laundry and prescribed Mork oral and topical steroids.

9. Mork continued to insist that Naughton's diagnosis was wrong.

10. Naughton took a photograph of Mork's rash on his personal phone on April 16, 2020.

11. On June 2, 2020, Mork sent a kite stating that he no longer wanted medical treatment for the rash.

12. Mork was released from SCC in 2021.

13. Naughton took extended sick leave and ultimately retired on October 1, 2022.

14. Between February and May 2022, Naughton deleted the photo of Mork's rash.

15. Henderson resigned from the NDOC in early 2021.

## IV. FACTS UNADMITTED THAT WILL NOT BE CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE.

## V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

### A. PLAINTIFF'S CONTESTED FACTS

1. What steps could Henderson have taken to respond to Mork's unmitigated dental pain and/or dental condition?

2. Did Henderson take any adequate or reasonable steps to respond to Mork's unmitigated dental pain and/or dental condition.

3. Did Henderson threaten to withhold care and belittle Mork's pain and suffering while preventing him from receiving obviously necessary treatment.

4. Whether Naughton referred Mork to a dermatologist.

5. Whether Naughton had the ability to share the photo he took of Mork's rash with a specialist.

6. Whether Naughton threatened to send Mork to High Plains, a high security NDOC facility, if he did not stop asking for medical care for his unresolved rash.

7. Whether Naughton instructed Mork to submit a kite saying he did not want any medical treatment in order to avoid being sent to High Plains.

8. Whether Mork was in extreme pain from his dental condition and/or extreme discomfort from his rash.

B.   **DEFENDANT'S CONTESTED FACTS**

1. Whether Mork has met his burden of producing evidence supporting the facts set forth above, i.e., whether he can prove that the individual defendants violated his Eighth Amendment rights.

2. Whether any form of damages are available to Mork for any alleged failures?

VI.   **CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL**

A.   **PLAINTIFF**

1. Whether Naughton was deliberately indifferent to Mork's pervasive rash and/or right to receive medical treatment, and without intimidation.

2. Whether Henderson was deliberately indifferent to Mork's right to obtain medical and/or dental treatment, and without intimidation.

3. What adverse inferences should be given to the jury regarding the content and deletion of the photo taken by Naughton of Mork's rash during litigation.

B.   **DEFENDANT**

1. Did Defendants individually violate Mork's constitutional rights?

2. Did Mr. Mork prove the elements of a violation of his Eighth Amendment rights?

In *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994), the United States Supreme Court explained that while "prison officials have a duty [under the Eighth Amendment] to protect prisoners from violence, . . . not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." "For a claim . . . based on a failure to prevent harm," an inmate must first "objectively" establish that he was "incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 334. Second, the inmate must establish that the official "was subjectively aware of the risk," but "'deliberate indifference' to inmate health or safety." *Id*. at 828, 834

For a risk to be "objectively" "substantial" under the first prong, an inmate must show more than a risk of serious harm which is merely possible. See *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

Accordingly, to show an objectively substantial risk of serious harm, the inmate must establish "a 'strong likelihood' rather than a 'mere possibility'" of harm. *Williams v. Wood*, Case No. 06–55052, 223 Fed. App'x 670, 671 (9th Cir. 2007) (holding that "speculative and generalized fears of harm . . . do not rise to a sufficiently substantial risk of serious harm").

Under the second "subjective" prong, "deliberate indifference" can only be established if the "prison official . . . knows of and disregards an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. "[D]eliberate indifference entails something more than mere negligence." *Id*. at 835. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. A prison "official's failure to alleviate a significant risk that he should have perceived but did not" does not establish deliberate indifference. *Id*. at 838. "[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which [the courts] are ill-equipped." *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003).

## VII. EXHIBITS

### A. STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY

1. Administrative Regulation 740. (Def 1-14).
2. Mork Medical records. (Def 15-103) (Depo. Ex. 14).
3. Bed History. (Def 104).
4. Grievance History. (Def 117).
5. Daily Shift Logs. (Def 118-1872).
6. Administrative Regulation 631. (Mork 236-239).
7. Administrative Regulations List. (Mork 240).
8. Dental Services Directive, Effective 2017. (Depo Ex. 5).
9. Dental Services Directive, Effective 2023. (Depo Ex. 6).

### B. STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY

1    None.

C.  **PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

1. ADCO Dental Records. (Mork 200-203)
2. Las Vegas Dental Records. (Mork 204-215).
3. Penn Dental Records. (Mork 216-235).
4. Dental Receipts and Estimates.
5. Declaration of Kathy Henderson. (Depo. Ex. 13).
6. Declaration of Martin Naughton. (Doc. 63.4).
7. Declaration of Nicolai Mork. (Doc. 66).
8. Expert file of Dr. Thomas Flynn, including CV, report, diagrams, slideshow, evidence cited or referred to in Dr. Flynn's Reports.
9. Any Document necessary for rebuttal or impeachment purposes.

D.  **DEFENDANT'S EXHIBITS SUBJECT TO OBJECTIONS**

1. Plaintiff's Movement History Report.
2. Plaintiff's housing history report.
3. Plaintiff's Grievance file, including all relevant grievances.
4. Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment).
5. Plaintiff's Institutional File ("I-File").
6. Medical Records relating to the incident.
7. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims.
8. Any and all other exhibits that may support the statements of fact and law cited herein and to rebut Plaintiff's statements, claims, and testimony.
9. Any and all other exhibits that rebut witnesses that might be called to respond to claims made by either Plaintiff or any of his proposed witnesses.

E.  **DEPOSITIONS**

1. None.

**VIII. WITNESSES**

    **A.    PLAINTIFF'S WITNESSES:**

Plaintiff wishes to reserve the right to call the following persons:

1. Nicolai Mork, c/o Holland, Holland Edwards & Grossman
2. Thomas Flynn, c/o Holland, Holland Edwards & Grossman
3. Kathy Henderson, c/o Nevada Attorney General's Office.
4. Martin Naughton, c/o Nevada Attorney General's Office.
5. Any records custodians necessary to authenticate evidence for which no stipulation is reached.

    **B.    DEFENDANT'S WITNESSES:**

Defendant wishes to reserve the right to call the following persons:

1. Plaintiff Nicolai Mork, c/o Holland, Holland Edwards & Grossman
2. Kathy Henderson, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
3. Martin Naughton, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
4. Warden Nethanjah Brietenbach, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
5. Patty Smith, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, (775) 684-1100.
6. Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses.
7. All witnesses identified by Plaintiff, whether or not called to testify at trial.

Plaintiff and Defendant reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

## IX. AVAILABLE TRIAL DATES

Plaintiff and Defense Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar. A jury has been requested.

Plaintiff requests that the Court and parties discuss the possibility of earlier setting. Counsel for Plaintiff understands that Defense counsel is set for trial until the dates listed below, but has asked that he be prepared to discuss at the pre-trial conference whether some of his set trials are likely to be resolved prior to trial.

The following are three weeks in which both parties are available:

June 16, 2025

August 18, 2025

October 20, 2025

DATED this 14th day of February, 2025.

AARON D. FORD
Attorney General

By: */s/ Anna Holland Edwards*
ANNA HOLLAND EDWARDS
RACHEL KENNEDY
DAN WEISS
*Attorneys for Plaintiff*

By: */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February 2025, the foregoing **(PROPOSED) JOINT PRETRIAL ORDER** via this Court's electronic filing system. Parties that are registered with the Court's electronic filing system will be served electronically.

/s/ *Brooke Thiele-LaForest*
Brooke Thiele-LaForest
Paralegal