**Stipulated Jury Instructions**

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.1

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on his § 1983 claim against the Defendants, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and
2. The <u>conduct</u> of the defendant, including the defendant's acts or failures to act, deprived Plaintiff of his particular rights under the United States Constitution as will be explained in later instructions;
3. The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that <u>each Defendant acted</u> under color of law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under these instructions regarding a convicted prisoner's claim that his Eighth Amendment rights were violated, your verdict should be for Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.3 (Modified as underlined)

## DAMAGES – PROOF AND MEASURE OF TYPES OF DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his Eighth Amendment claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant. You should consider the following:

1. The nature and extent of the injuries;
2. The physical, mental, and emotional pain and suffering experienced by Mr. Mork; and
3. The reasonable value of necessary medical/dental care, treatment, and services received to the present time.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.1 and 5.2 (2025); Jury Instruction No. 13, *Stewart v. Aranas,* No. 17-cv-00132-MMD-CLB (D. Nev. Oct. 25, 2023), ECF No. 165.

**<u>Contested Jury Instructions</u>**

**Plaintiff's Proposed**
**PARTICULAR RIGHT—EIGHTH AMENDMENT —DELIBERATE INDIFFERENCE**

As previously explained, the plaintiff has the burden of proving that the acts or failure to act by one or more of the defendants deprived the plaintiff of particular rights under the United States Constitution. *In this case, the plaintiff alleges each defendant deprived him of his rights under the Eighth Amendment to the Constitution when they denied or delayed access to medical professionals capable of treating his rash and/or dental condition while he was incarcerated.*

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to *receive adequate medical care for serious medical and dental needs.* To prove a defendant deprived the plaintiff of this right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

First, the plaintiff faced a serious medical <u>and/or dental need</u>;

Second, the defendant was deliberately indifferent to that medical <u>and/or dental need</u>, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

Third, the acts or failures to act of the defendant caused harm to the plaintiff.

<u>A "serious medical need" includes the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."</u>

"Deliberate indifference" is the conscious choice to disregard the consequences of one's actions or omissions. <u>Deliberate indifference may be manifested in two ways: It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be</u>

shown by the way in which prison physicians provide medical care. Acts or statements of prison personnel may constitute direct evidence of indifferent or hostile attitudes toward prisoner's medical needs.

Delaying or denying access to specialist care that the patient's condition requires, and/or persisting in a treatment known to be ineffective is deliberately indifferent.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.27 (2025) [substantive additions to fill

in Model Instruction brackets are in italics, modifications and/or additions are underlined.] [1] [2]

---

[1] PROPONENT (PLAINTIFF):

The definition of "serious medical need" is supplied by *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (quoting *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). *See also* Comment to DIST. CT. (9TH CIR.) J.I. 9.27 (2025), p. 224;

The ways deliberate indifference can manifest is taken from the 9th Circuit's oft-repeated *Hutchinson* articulation. *See, e.g.*, *Von Tobel v. Johns*, No. 20-16853, 2022 WL 1568359, at *1 (9th Cir. May 18, 2022); (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (same).

Citations supporting the explanation of what may constitute direct evidence of deliberate indifference include: *Marcotte v. Monroe Corrections Complex*, 394 F. Supp. 2d 1289, 1296 (W.D.Wash. 2005) (reasonable jury may conclude nurse was deliberately indifferent based on nurse threating the plaintiff with "the hole" if he kept complaining); *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (nurse telling prisoner that if he continued to "hassle" the medical staff he would be "locked up" could support the conclusion that she was deliberately indifferent);" *Meriwether v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987) (doctor ridiculed transgender prisoner and completely denied care); *Mullen v. Smith*, 738 F.2d 317, 318–19 (8th Cir. 1984) (prisoner was subjected to "ridicule and derision" in response to complaints of pain and inability to walk).

Doctors must allow access to specialists when indicated and the 9th Circuit has said unequivocally that persisting in treatment known to be ineffective constitutes deliberate indifference. See, e.g., *Stewart v. Aranas*, 32 F.4th 1192, 1194 (9th Cir. 2022); *Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008) (refusal to refer to a specialist where doctor did not know cause of reported extreme pain made no sense and could support deliberate indifference finding); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (holding refusal to refer prisoner to a specialist or order an endoscopy for two years despite intense abdominal pain could be deliberate indifference); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (holding six weeks' delay in sending prisoner to a dentist, resulting in infection and loss of teeth, raised an Eighth Amendment claim); *LeMarbe v. Wisneski*, 266 F.3d 429, 440 (6th Cir. 2001) (failure to make timely referral to specialist or tell the patient to seek one out was deliberate indifference); *Hemmings v. Gorczyk*, 134 F.3d 104, 109 (2d Cir. 1998) (two-month refusal to send a prisoner with "classic" symptoms of a ruptured tendon to a specialist could constitute deliberate indifference); *Parham v. Johnson*, 126 F.3d 454, 458–57 n.7 (3d Cir. 1997) (denial of access to an ear specialist supported a deliberate indifference claim).

[2] OPPONENT (DEFENDANTS): Defendants have proposed their own instruction on this issue, and their instruction more closely models the Ninth Circuit model instruction.

**Plaintiffs Proposed:**

**STANDARDS AND POLICIES**

Accepted standards of care and practice within the medical/dental community and <u>prison policies</u> are highly relevant in determining what care is medically acceptable and unacceptable for inmates.

PROPOSED FINAL JURY INSTRUCTION NO. ____

From comment to DIST. CT. (9TH CIR.) J.I. 9.27 (2025), p. 224 (citing *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019)). [additions to the comment are underlined] [3] [4]

---

[3] PROPONENT (PLAINTIFF): Plaintiff must show that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health". While a breach of the standard of care alone is not enough to show a constitutional violation, the comment to 9.27 makes clear that "accepted standard so care and practice within the medical community are highly relevant in determining what care is medically acceptable and unacceptable." Similarly here, prison policies further indicate what is acceptable and unacceptable medical care in the prison context. Comment to DIST. CT. (9TH CIR.) J.I. 9.27 (2025), p. 224; *See also, Balla v. Idaho*, 29 F.4th 1019, 1026 (9th Cir. 2022) (noting that the community standard of care outside the prison context is "highly relevant" in determining "what care is medically acceptable and unacceptable"); *Thibodeaux v. White*, No. 320CV05110BHSJRC, 2021 WL 1176855, at *7 (W.D. Wash. Feb. 4, 2021), report and recommendation adopted, No. C20-5110 BHS-JRC, 2021 WL 1172144 (W.D. Wash. Mar. 29, 2021) (evidence that defendant failed to abide by chest pain protocol supports an inference of deliberate indifference); *Mata v. Saiz*, 427 F.3d 745, 757 (10th Cir. 2005) ("While published requirements for health care do not create constitutional rights, such protocols certainly provide circumstantial evidence that a prison health care gatekeeper knew of a substantial risk of serious harm.").

[4] OPPONENT (DEFENDANTS): Courts have held; "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." *Harris v Thigpen*, 941 F.2d 1495 at 1505 (11th Cir. 1991); accord, e.g., *Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th

Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing."). See also, *King v Calderwood*, 2016 WL 4771065 (D. Nev. 2016) aff'd sub nom. *King v. Cox*, 692 F. App'x 398 (9th Cir. 2017) where District Judge Navarro granted summary judgment finding no evidence of deliberate indifference on the part of NDOC physicians for failure to treat an inmate's hepatitis condition with a specific medication. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Moreover, this requires Caron to "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." Lemire v. California, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Conn v. City of Reno, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), vacated by City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), reinstated in relevant part 658 F.3d 897 (9th Cir. 2011)).

**Plaintiff's Proposed:**

**SPOLIATION**

The Court instructs the jury that Dr. Naughton took a photograph of Mr. Mork's rash while he was incarcerated, but destroyed after this lawsuit was initiated. The Court further instructs the jury that the destroyed photograph was relevant and would have been unfavorable to Dr. Naughton's defense of this claim and supportive of the plaintiff's claim. The Court instructs the jury that the destroyed photograph would have shown a rash similar to the photographs identified by Plaintiff in his testimony as what his rash looked like at the time.

PROPOSED FINAL JURY INSTRUCTION NO. ____

§ 23:17. Spoliation instruction, Federal Trial Handbook: Civil § 23:17 (2024-2025 Edition). [5] [6]

---

[5] PROPONENT (PLAINTIFF): Plaintiff proposes this spoliation instruction based on the destruction of the photograph, as discussed at 13 of this Court's Order [ECF No. 77]. There the Court indicated that, at trial, it would consider "providing [the] jury with information they would have learned from the photo" including whether to use language to communicate the date Naughton took the photograph and "describing the nature and extent of the rash at that time."

[6] OPPONENT (DEFENDANTS): The Ninth Circuit has not set forth a standard for an adverse inference instruction, but most district courts have adopted the Second Circuit's three-part test for determining whether an adverse inference sanction is appropriate for spoliation. See e.g., Reinsdorf, 296 F.R.D. at 626 (citations omitted); In re Napster, 462 F.Supp.2d at 1078. In such case, the moving party must establish:

(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the records were destroyed 'with a culpable state of mind'; and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.
*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

The court need not make explicit findings for each factor, but the court cannot impose a dismissal sanction without a finding of "willfulness, fault, or bad faith." *Leon v. IDX Systems*

*Corp.,* 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch*, 69 F.3d at 348). It is the plaintiff's burden to make a prima facie showing that this evidence existed as "the party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim." *Reinsdorf,* 296 F.R.D. at 628 (C.D. Cal. 2013) citing *Centrifugal Force, Inc. v. Softnet Communication, Inc*., 783 F.Supp.2d 736, 740 (S.D.N.Y. 2011). One of the elements of a spoliation claim is that the party must demonstrate the evidence actually existed and was destroyed. *Genon Mid-Atlantic, LLC v. Stone & Webste*r, 282 F.R.D. 346, 357 (S.D.N.Y. 2012) citing *Orbit One Commc'ns v. Numerex Corp*., 271 F.R.D. 429, 441 (S.D.N.Y. 2010).

"As soon as a potential claim is identified, a litigant is under a duty to preserve the evidence which it knows or reasonably should know is relevant to the action." *In re Napster*, 462 F.Supp.2d at 1067 (citations omitted); see also *Surowiec v. Capital Title Agency, Inc*., 790 F.Supp.2d 997, 1005 (D. Ariz. 2011). The Ninth Circuit has held, however, that a party does not engage in spoliation of evidence when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business. *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752 758 (9th Cir. 2009)

**Plaintiff's Proposed:**

**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a *preponderance of the evidence* that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was in reckless disregard of the plaintiff's rights. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.

PROPOSED FINAL JURY INSTRUCTION NO. ____

DIST. CT. (9TH CIR.) J.I. 5.5 (2025); Jury Instruction No. 14, *Stewart v. Aranas*, No. 17-cv-00132-MMD-CLB (D. Nev. Oct. 25, 2023), ECF No. 165. [substantive additions to fill in Model

Instruction brackets are in italics, and deletions to the Model Instruction were made consistent with this Court's instruction 14 in the *Stewart v. Aranas* case.][7][8]

---

[7] PROPONENT (PLAINTIFF):

Plaintiff herein proposes a "preponderance of the evidence" standard for punitive damages, while Defendants argue for "clear and convincing." This Court faced this exact question in *Stewart v. Aranas* and concluded that "preponderance of the evidence" is the correct standard in a deliberate indifference punitive damages instruction. This is well supported. "Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief." COMMENT to Ninth Circuit Jury Instruction 5.5. *See, e.g., Williams v. City of Mesa*, No. CV–09–1511, 2011 WL 836856, at *16 (D.Ariz. Mar. 9, 2011) ("The plaintiff alleging a § 1983 claim has the burden of proving that punitive damages should be awarded by a preponderance of the evidence"); *Rossiter v. Robinson*, 716 F.Supp.2d 1018, 1027 (D.Colo. 2010) ("Plaintiffs have the burden of proving by a preponderance of the evidence that Montana's actions or omissions were committed with reckless or callous disregard for Rossiter's rights"); *Stanley v. Irsa*, No. 2:08–cv–195, 2011 WL 1526937, at *2 (N.D.Ind. 2011) (applying the preponderance of the evidence standard to a § 1983 punitive damages analysis after concurring with the "slew of district court cases" that had done so previously); *Smith v. City of Oakland*, 538 F.Supp.2d 1217 (N.D.Cal 2008); *Abudiab v. City and County of San Francisco*, 833 F.Supp.2d 1168 (N.D.Cal. 2011). "[W]e have been presented with no authority for creating an exception to the general federal standard, and the arguments for doing so are not so compelling as to persuade us, in the absence of precedent, that the district court abused its discretion by instructing on the preponderance of evidence standard [with respect to punitive damages]." *In re Exxon Valdez,* 270 F.3d 1215, 1232–33 (9th Cir. 2001);

Plaintiff has also removed definitional language related to malicious conduct and to oppressive conduct, instead focusing on reckless conduct, consistent with the instruction given by this Court in *Stewart v. Aranas* at Instruction NO. 14. As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993).

[8] OPPONENT (DEFENDANTS): Defendants have proposed a competing instruction and the basis for the instruction is listed therein.

**Defendants' Proposed Jury Instructions**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness was convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 2.9 (Modified as underlined); FED. R. EVID. 609. [9] [10]

[9] PROPONENT (DEFENDANTS): NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 2.9

[10] OPPONENT (PLAINTIFF): Plaintiff opposes this general preliminary instruction as it is not included in the Court's Standard Instructions. The Trial Order directs the parties to only submit instructions specific to this case. Doc. 103, p. 4. Plaintiff did not propose various other standard instructions so as not to violate this admonition by the Court. If the parties may propose non case specific instructions, Plaintiff would ask to be allowed to supplement with other proposed non case specific instructions.

**Defendants' Proposed:**

**PARTICULAR RIGHT—EIGHTH AMENDMENT—CONVICTED PRISONER'S CLAIM REGARDING MEDICAL INDIFFERENCE**

As previously explained, the plaintiff has the burden of proving that the acts or failure to act of the individual defendants deprived the plaintiff of particular rights under the United States Constitution.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to adequate medical care. In order to prove the defendants deprived the plaintiff of this right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. The plaintiff faced a serious medical need;

2. The defendant was deliberately indifferent to that medical need, that is, the defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. the act and/or failure to act of the defendant caused harm to the plaintiff.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

When the defendant lacks authority over budgeting decisions, the issue of whether a prison official met his or her duties to an inmate under the Eighth Amendment must be considered in the context of the personnel, financial and other resources available to the defendant or which they could reasonably obtain.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 9.27 Modified as underlined with included bracketed material, brackets removed and *Peralta v. Dillard,* 744 F. 3d. 1076*,* 1083-

84(9th Cir. 2016 (en banc).[11] [12]

---

[11] PROPONENT (DEFENDANTS): This is the Ninth Circuit Model Jury Instruction 9.27. In *Estelle v. Gamble*, the Supreme Court held that a prison official's deliberate indifference to serious medical needs violates the Eighth Amendment. 429 U.S. 97, 106 (1976). An Eighth Amendment claim for inadequate medical care requires the plaintiff to show that an official acted with deliberate indifference to a serious medical need, that is, that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) The proposed instruction sets for the law, and the jury is left to apply the law to the facts.

[12] OPPONENT (PLAINTIFF): Both parties have proposed instructions based on 9.27. Instruction 9.27 specifically states to insert a factual basis of the Plaintiff's claim, which Plaintiff has done in his proposed instruction above. Defendants' proposed version has no factual explanation of the claim. Plaintiff also added "dental need" to the instruction for clarity given the nature of the claims being both medical and dental. Plaintiff also included other explanatory paragraphs defining a "serious medical need" and more explanation for the jury as to what type of conduct rises to the level of deliberate indifference. Defendants did not include any language about delay, and Plaintiff's proposed instruction correctly instructs the jury on the role of delay in deliberate indifference. *Stewart v. Aranas*, 32 F.4th 1192, 1194-95 (9th Cir. 2022) (citing *Shapley v. Nev. Bd. of State Prison. Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Lastly, Defendants include a paragraph about budgeting decisions, but have not advanced any defense related to budget and in conferral have confirmed there is no "limited resources" type defense being mounted. This paragraph is irrelevant and confusing of the issues the jury is to decide.

**Defendants' Proposed:**

**SPECIAL JURY INSTRUCTON –**

**QUALIFIED IMMUNITY**

If you conclude that a plaintiff has proved each essential element of his Eighth Amendment claim with regard to the Defendants, you must consider whether the Defendants are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers or those who knowingly violate the law. It is a plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable Defendant could have believed that the action undertaken by the Defendant in this case was lawful in light of clearly established law and the information the Defendant possessed.  But the Defendant is not entitled to qualified immunity if, at the time of events leading to this lawsuit, a reasonable Defendant with the same information could not have believed that his actions were lawful

In this case, the clearly established law at the time was that the Defendant provide reasonable medical care to Plaintiff, and not retaliate against him for exercising his constitutional rights.

If, after considering the scope of discretion and responsibility generally given to prison officials in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to the Defendants at the time of the incidents that led to this lawsuit, you find that a plaintiff failed to prove that no reasonable prison official, could have believed that their actions were unlawful, then that particular Defendant is entitled to qualified immunity, and your verdict must be for that Defendant. But if you find that the Defendant violated a plaintiff's Eighth Amendment constitutional right to be free from cruel and unusual treatment, and that the Defendant is not entitled to qualified immunity as to that claim, then your verdict must be for the plaintiff.

PROPOSED FINAL JURY INSTRUCTION NO. ____

Authority for Instruction: Pattern Jury Instructions (Civil Cases), Prepared by the Committee Jury Instructions, District Judges Association, Fifth Circuit 2014 with Revisions through October 2010 (citing, among other cases, *Malley v. Briggs*, 475 U.S. 335, 341 (1986), *Wilson v. Lopez*, 526 U.S. 603, 615 (1999), *Ascroft v. al-Kidd*, 131 S. Ct. 2074, 2086 (2011). The Pattern Jury Instructions can be viewed and downloaded at http://www.lb5.uscourts.gov/juryinstructions/fifth/2014civil.pdf; *See also Vaughan v. Rickets*, 859 F.2d 736, 739 (9th Cir. 1988). [13] [14]

---

[13] PROPONENT (DEFENDANTS): See above.

[14] OPPONENT (PLAINTIFF): Plaintiff objects to instructing the jury on qualified immunity. This legal question has been extensively briefed and ruled upon by this Court. This is not a fact question to go to the jury and this instruction overstates even the legal question. See Morales v. Fry, 873 F.3d 817, 823-824 (9th Cir. 2017) ("[T]he Ninth Circuit Jury Instructions Committee 'has not formulated any instructions concerning qualified immunity because most issues of qualified immunity are resolved before trial, or the ultimate question of qualified immunity is reserved for the judge to be decided after trial based on the jury's resolution of the disputed facts.' Ninth Circuit Model Civil Jury Instruction 9.34 (2017) (noting that 'qualified immunity is a question of law, not a question of fact.'). As the Model Instructions explain, '[w]hen there are disputed factual issues that are necessary to a qualified immunity decision, these issues must first be determined by the jury before the court can rule on qualified immunity. The issue can then be raised in a [Federal Rule of Civil Procedure] Rule 50(a) motion at the close of evidence.' *Id.* (citing *Tortu*, 556 F.3d at 1083)."

**Defendants' Proposed:**

**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.6[15] [16]

---

[15] PROPONENT (DEFENDANTS): When a plaintiff has indisputably suffered an actual injury, an award of compensatory damages is mandatory. *Hazle v. Crofoot*,727 F.3d 983, 991-92 (9th Cir. 2013). However, nominal damages "must be awarded in cases in which the plaintiff is not entitled to compensatory damages, such as cases in which no actual injury is incurred or can be proven." *Id*. at n.6. If Plaintiff cannot prove his damages, but a violation is found, nominal damages may be appropriate.

[16] OPPONENT (PLAINTIFF): When a plaintiff has indisputably suffered an actual injury, an award of compensatory damages is mandatory. *Hazle v. Crofoot*,727 F.3d 983, 991-92 (9th Cir. 2013). Here, Defendants do not dispute that Mr. Mork suffered an actual injury. The question is whether the Defendants caused that injury with their own deliberate indifference. A nominal damage jury instruction is not appropriate when there is uncontroverted testimony that a Plaintiff has suffered actual injury, as opposed to the deprivation of an abstract constitutional right that did not result in any actual injury. *Seals v. Wayne County Retirement System*, 20-11272, 2023 WL 6367694, at *5 (E.D. Mich. 2023). Moreover, the use of the sentence "[t]he law that applies to this case authorizes an award of nominal damages" invites the jury to think that it would be unauthorized to award anything other than nominal damages. Combined with the phrases "you must award nominal damages" and "may not exceed one dollar," this instruction is confusing and prejudicial.

**Defendants' Proposed:**

**DAMAGES – PUNITIVE**

If you find for plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that a defendant's conduct that harmed plaintiff was malicious, oppressive, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that their actions will violate plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of <u>the</u> defendant's conduct. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

Punitive damages may be awarded even if you award Plaintiff only nominal, and not compensatory, damages.

PROPOSED FINAL JURY INSTRUCTION NO. ____

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.5 (Modified with bracketed sections removed As given by District Judge Boulware in Johnson, Lausteveion; USDC 2:17-cv-02304-

RFB-BNW April 2025[17] [18]

---

[17] PROPONENT (DEFENDANTS): The Comments to the Ninth Circuit Pattern Jury Instruction states whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief. For example, several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim. See, e.g., *White v. Ford Motor Co.*, 312 F.3d 998, 1011 (9th Cir. 2002) (applying Nevada's clear and convincing standard). On the other hand, a preponderance of the evidence standard has been upheld for punitive damages in certain federal claims. See, e.g., *In re Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)).

When in doubt, the Court should look to the state law standard for proving punitive damages, as it would on a state law claim. See *id*. ("several states in the Ninth Circuit require proof by clear and convincing evidence before punitive damages are awarded on a state law claim."). Nevada is one such state that requires proof by clear and convincing evidence. NRS 42.005(1).

[18] OPPONENT (PLAINTIFF):

As laid out above, this Court faced this exact dispute over the proper standard for punitive damages in an § 1983 Deliberate Indifference claim in *Stewart v. Aranas*, concluding that "preponderance of the evidence" is the correct standard for this instruction. This is well supported. "Whether punitive damages need to be proved by a preponderance of the evidence or clear and convincing evidence also depends on the standards applicable to the underlying claim for relief." COMMENT to Ninth Circuit Jury Instruction 5.5. *See, e.g., Williams v. City of Mesa*, No. CV–09–1511, 2011 WL 836856, at *16 (D.Ariz. Mar. 9, 2011) ("The plaintiff alleging a § 1983 claim has the burden of proving that punitive damages should be awarded by a preponderance of the evidence"); *Rossiter v. Robinson*, 716 F.Supp.2d 1018, 1027 (D.Colo. 2010) ("Plaintiffs have the burden of proving by a preponderance of the evidence that Montana's actions or omissions were committed with reckless or callous disregard for Rossiter's rights"); *Stanley v. Irsa*, No. 2:08–cv–195, 2011 WL 1526937, at *2 (N.D.Ind. 2011) (applying the preponderance of the evidence standard to a § 1983 punitive damages analysis after concurring with the "slew of district court cases" that had done so previously); *Smith v. City of Oakland*, 538 F.Supp.2d 1217 (N.D.Cal 2008); *Abudiab v. City and County of San Francisco*, 833 F.Supp.2d 1168 (N.D.Cal. 2011). "[W]e have been presented with no authority for creating an exception to the general federal standard, and the arguments for doing so are not so compelling as to persuade us, in the absence of precedent, that the district court abused its discretion by instructing on the preponderance of evidence standard [with respect to punitive damages]." *In re Exxon Valdez,* 270 F.3d 1215, 1232–33 (9th Cir. 2001);

Defendants have maintained three different avenues to punitive damages, giving the impression that Plaintiff must prove that the complained of conduct is malicious, reckless, and oppressive. Plaintiff removed definitions of malicious and oppressive conduct, instead focusing on reckless conduct, consistent with the instruction given in *Stewart v. Aranas* at Instruction NO. 14. As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir. 1993).

**Proposed Verdict Forms**

**PLAINTIFF'S PROPOSED VERDICT FORM**

We the Jury in the above-entitled matter hereby find as follows:

**PART I: LIABILITY**

**LIABILITY WITH RESPECT TO RASH**

**QUESTION NO. 1:** Did plaintiff prove by a preponderance of the evidence that Nurse Henderson violated his Eighth Amendment Constitutional right by not addressing his serious medical needs with respect to his rash?

Yes ________ No_________

**QUESTION NO. 2:** Did plaintiff prove by a preponderance of the evidence that Dr. Naughton violated his Eighth Amendment Constitutional right by not addressing his serious medical needs with respect to his rash?

Yes ________ No_________

**LIABILITY WITH RESPECT TO DENTAL NEEDS**

**QUESTION NO. 3:** Did plaintiff prove by a preponderance of the evidence that Nurse Henderson violated his Eighth Amendment Constitutional right by not addressing his serious dental needs?

Yes ________ No_________

*If you answered "Yes" Question No. 1, Question No. 2,* ***or*** *Question No. 3, proceed Part II. If you answered "No" to all three questions, you have found for defendants. Sign and return the verdict form to the bailiff.*

**PART II: DAMAGES**

*If you answered "Yes" to Question No. 1 or Question No. 2, please answer Question No. 4:*

**QUESTION 4:** With respect to his rash, what amount of damages do you award the plaintiff his physical, mental, and emotional pain and suffering as a result of the deliberate indifference to his medical needs related to his rash:

$________________________

*If you answered "Yes" to Question No. 3, please answer Question No. 5:*

**QUESTION NO. 5:** With respect to his dental condition, what amount of damages do you award the plaintiff for each of the following:

a. The physical, mental, and emotional pain and suffering Mr. Mork experienced as a result of the deliberate indifference to his dental needs:

   $_________________________

b. The reasonable value of necessary medical/dental care, treatment, and services received to the present time as a result of the deliberate indifference to his dental needs:

   $_________________________

**QUESTION NO. 6:** Do you find by a preponderance of the evidence that plaintiff is also entitled to punitive damages against either or both defendants?

Yes ________ No_________

*If you answered "Yes" to Question No. 6, proceed to Question No. 7. If you answered "No" to Question No. 6, do not answer Question 7. Sign and return the verdict form to the bailiff.*

**QUESTION NO. 7:** Enter the monetary amount of punitive damages against either one or both defendants.

MARTIN NAUGHTON $______________________

KATHY HENDERSON $______________________

DATED this ___ day of June 2025.

____________________________________
Signature of Foreperson

**DEFENDANTS' PROPOSED VERDICT FORM**

We the jury in the above-entitled matter hereby find as follows:

**PART I: LIABILITY**

**QUESTION NO. 1:** Did Mr. Mork establish by a preponderance of the evidence that one or more of the Defendants violated his Eighth Amendment rights by being indifferent his serious medical needs by failing to properly treat his rash ?

Yes _____ No ______

**QUESTION NO. 2**: If you answered yes to question one, which Defendant(s) personally violated Plaintiff's Eighth Amendment rights?

MARTIN NAUGHTON ________________

KATHLEEN HENDERSON ________________

**QUESTION NO. 3:** Did Mr. Mork establish by a preponderance of the evidence that Defendant Henderson violated his Eighth Amendment rights by being indifferent to his serious dental needs?

Yes _____ No ______

///

///

*If you answered "No" to Questions No. 1 and 3, your deliberations are complete; do not answer any further questions. Sign and return the verdict form to the bailiff. If you answered "Yes" to either Question No. 1 or 3, please proceed to Part II.*

**PART II: DAMAGES**

**QUESTION NO. 4:** We find by a preponderance of the evidence that because of Defendant's violation(s) of Plaintiff's Eighth Amendment rights, Plaintiff is entitled to nominal damages.

Yes _____ No ______

*If you found liability in Part I, above, you must at least award nominal damages, which are set at and may not exceed $1.00. If you award nominal damages, you may not also award compensatory damages.*

**QUESTION NO. 5:** We find by a preponderance of the evidence that because of Defendant's violation(s) of Plaintiff's Eighth Amendment rights, Plaintiff is entitled to an award of compensatory damages in the amount of:

KATHLEEN HENDERSON $__________

MARTIN NAUGHTON $__________

*Please only enter an amount if you find that Plaintiff is entitled to compensatory damages against that particular Defendant. You are not required to award compensatory damages.*

///

**QUESTION NO. 6:** We find by clear and convincing evidence that Plaintiff is entitled to punitive damages in the amount of:

KATHLEEN HENDERSON $__________

MARTIN NAUGHTON $__________

*Please only enter an amount if you find Plaintiff is entitled to punitive damages against that particular Defendant. You are not required to award punitive damages.*

DATED THIS __ day of June, 2025.

_______________________________
JURY FOREPERSON