✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
JUN 20 2025
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NICOLAI MORK,

Plaintiff,

v.

PERRY RUSSELL, *et al.*,

Defendants.

Case No. 3:21-cv-00077-MMD-CSD

**JURY INSTRUCTIONS**

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, sympathy, fear, public opinion, prejudices, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I have instructed you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

As you know, this is a civil case. The Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence. That means the Plaintiffs had to produce evidence, which, considered in light of all the facts, leads you to believe that what the Plaintiffs claim is more probably true than not true. To put it differently, if you were to put the Plaintiffs' and the Defendants' evidence on the opposite sides of the scales, the Plaintiffs would have to make the scales tip somewhat towards their side. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendant.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard testimony from Thomas Flynn, D.M.D., who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on his § 1983 claims against the Defendants, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendants acted under color of state law; and
2. The conduct of the Defendant, including the Defendant's acts or failures to act, deprived Plaintiff of his particular rights under the United States Constitution as will be explained in later instructions;
3. The Defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that each Defendant acted under color of law.

If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under these instructions regarding a convicted prisoner's claim that his Eighth Amendment rights were violated, your verdict should be for Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendants.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put Plaintiff's and Defendants' evidence on the opposite sides of the scales, Plaintiff would have to make the scales tip somewhat in his side.

You should base your decision on all of the evidence, regardless of which party presented it.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on his Eighth Amendment claims, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by a Defendant. You should consider the following:

1. The nature and extent of the injuries;
2. The physical, mental, and emotional pain and suffering experienced by Plaintiff; and
3. The reasonable value of necessary medical/dental care, treatment, and services received to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

As previously explained, Plaintiff has the burden of proving that the acts or failure to act by one or more of the Defendants deprived Plaintiff of particular rights under the United States Constitution. In this case, Plaintiff alleges each Defendant deprived him of his rights under the Eighth Amendment to the Constitution by denying or delaying medical treatment of a rash and/or dental condition while he was incarcerated.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." Cruel and unusual punishments include deliberate indifference to a prisoner's serious medical need. To prove each Defendant deprived Plaintiff of this right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff faced a serious medical and/or dental need;
2. The Defendant was deliberately indifferent to that medical need, that is, Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and
3. The acts or failures to act of Defendant caused harm to Plaintiff.

A "serious medical need" includes the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."

"Deliberate indifference" is the conscious choice to disregard the consequences of one's actions or omissions. Indifference may manifest in two ways: (1) when prison officials deny, delay, or intentionally interfere with medical treatment; or (2) by the way in which prison physicians provide medical care.

The Court instructs the jury that Dr. Naughton took photographs of Mr. Mork's rash while he was incarcerated but destroyed them after this lawsuit was initiated. The Court further instructs the jury that the destroyed photographs were relevant and likely would have contradicted Dr. Naughton's testimony regarding the severity of Mr. Mork's rash. The Court instructs the jury that the destroyed photographs would have shown a rash similar to the photographs identified by Plaintiff in his testimony as to what his rash looked like.

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Some of you have taken notes during the trial. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You must diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.